UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNETT FACIAL RECONSTRUCTION COURSES, INC. a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PATTERSON DENTAL SUPPLY, INC., a Minnesota corporation d/b/a DOLPHIN IMAGING AND MANAGEMENT SOLUTIONS; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:   11-CV-06929-CBM (E)<br><br>Assigned to  Hon. Consuelo B. Marshall<br><br>**PROTECTIVE ORDER** |

///

///

///

///

   Pursuant to the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED as follows:

1. For purposes of this Protective Order, "Document" shall be defined to mean any printed, typewritten, electronic, handwritten, digitally recorded or otherwise recorded material, including but not limited to, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, declarations, testimony, including deposition testimony, agreements, contracts, letters, memoranda, notes, agenda, minutes, records, resolutions, calendars, ledgers, reports, analysis, presentations, articles, photographs, spreadsheets, lists, manuals, electronic mail messages, databases, software, audiotape, videotape and film.

2. Any party or witness (the "Designating Party") may designate as "Confidential" or "Confidential-Attorney's Eyes Only" according to the procedures described in paragraphs 3 and 4, any Documents, information or testimony that contains, or which could lead to the disclosure of, sensitive proprietary information, confidential business information, or confidential commercial information (collectively, "Confidential Information"). All Confidential Information designated as "Confidential" or "Confidential-Attorney's Eyes Only" shall be subject to the provisions of this Protective Order.

3. If the Designating Party claims that any Confidential Information is confidential or contains confidential information, then the Designating Party shall mark the document with a stamp, notation or other appropriate means identifying it as: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

4. A Designating Party may designate all or any portion of a deposition as confidential during or within ten (10) days following a deposition session. If

1  the designation is made during the deposition, the court reporter of the deposition
2  containing such designated material shall transcribe separately testimony so
3  designated and shall stamp or mark that testimony "CONFIDENTIAL –
4  SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S
5  EYES ONLY – SUBJECT TO PROTECTIVE ORDER." It shall not be necessary
6  to designate specific testimony as confidential during the course of the deposition.
7  All deposition transcripts, draft or final, shall be maintained as Confidential –
8  Attorneys' Eyes Only for ten (10) days following delivery of a draft or final
9  deposition transcript, whichever is earlier, by the stenographic reporter, to permit
10  the parties to make any Confidential or Confidential-Attorneys' Eyes only
11  designations. During this period, the Designating Party shall designate specific
12  portions of the transcript and any exhibits as confidential and shall give written
13  notice to opposing counsel of the specific portions of transcripts and specific
14  exhibits which have been designated as confidential. Only such designated
15  portions and exhibits shall be Confidential or Confidential-Attorneys' Eyes Only.
16  During and after the deposition, until the expiration of the above-described 10-day
17  period, the entire transcript and any information derived therefrom may be
18  disclosed only pursuant to the terms of this Protective Order.

19       5.   The Confidential Information subject to this Protective Order, and
20  any and all knowledge or information derived therefrom, shall not be used by any
21  party, expert, consultant, deponent or other non-Designating Party person or entity
22  to whom such documents or materials are disclosed, for any business,
23  commercial, media, or competitive purpose or for any other purpose whatsoever,
24  other than preparation for trial, trial, and/or settlement of this action and of the
25  action entitled, *G. William Arnett, et al., v. Patterson Dental Supply, Inc., et al.*,
26  Case No. 1382450, in the Superior Court of the State of California for the County
27  of Santa Barbara ("State Action").
28

6. If Confidential Information is filed with the Court, it shall be filed under seal in accordance with L.R. 79-5.1 and marked substantially as follows: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

Such Confidential Information shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Any pleading, motion, brief, memorandum, or other filing with the Court that includes any discussion or analysis of, quotation from, or substantive reference to any Confidential Information shall be filed, together with an application for filing under seal in accordance with L.R. 79-5.1, and marked with the language specified in paragraph 6, above. Before attempting to file any document with the Court that contains any Confidential Information, the filing party shall meet and confer with the Designating Party regarding the filing of the document under seal.

8. Disclosure of Confidential Information, including all information derived therefrom, but excluding documents marked "Confidential – Attorney's Eyes Only – Subject to Protective Order" and all information derived therefrom, shall be restricted solely to the following persons, who are bound by the terms of this Protective Order, unless additional persons are agreed upon and stipulated to in writing by counsel or authorized by the Court:

    a. Outside or inside (if applicable) counsel for any party to the above-captioned litigation, including all employees of said counsel's law department or law firm involved in the prosecution or defense of the above-entitled case or of the State Action, such as (without limitation) permanent and

1  temporary attorneys, contract attorneys, paralegal assistants, stenographic, and
2  clerical employees;

3      b.  Those persons retained by any party herein for the purpose of furnishing consulting services or for giving expert testimony in this matter. Before disclosing any Confidential Information of another Designating Party to any expert or consultant retained by any party herein (the "Retaining Party"), the Retaining Party's attorney shall show any such expert or consultant a copy of this Protective Order. The expert or consultant shall sign the declaration, attached hereto as Appendix A (the "Declaration"), agreeing to be bound by and to its terms. The Retaining Party shall maintain all signed, original declarations.

      c.  Party employees or officers whose job responsibilities relate directly to the matters at issue in the above-entitled action or the State Action and whose review of the Confidential Information is necessary and proper to assist the party in preparation for trial, trial, and/or settlement of this action or of the State Action; and

      d.  This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during this litigation.

   9.  Confidential Information that contains highly sensitive proprietary, financial, or trade secret information, such as technical data, future marketing plans, customer lists, costs, future products, and profit information, or other such material that would cause competitive damage if it were to be disclosed to another party, may be marked as "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any information or item designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" only to the persons identified in

sections 8(a), (b), and (d) above, subject to the requirements and conditions in those sections. An expert shall not attach any Confidential Information designated under this section to any report nor reproduce the Confidential Information in whole or in part within any report.

10. Each party shall take reasonable measures in storing Confidential Information to limit access to those persons who are authorized under the terms of this Protective Order to inspect, review, or receive such Confidential Information and any documents containing said Confidential Information.

11. Whenever Confidential Information is to be disclosed in a deposition or other hearing or proceeding, any party claiming that the information is confidential may exclude from the room any person, other than persons designated in paragraphs 8 and 9 of this Protective Order, and in the case of Confidential – Attorney's Eyes Only information, any person other than counsel, the deponent, and court and video reporters may be excluded, for that portion of said deposition, hearing or proceeding. The failure of the person to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question. Nothing in this Protective Order shall limit any party from introducing Confidential Information into evidence at trial, subject to the introducing party informing the Designating Party of its intent to do so, and subject to the Designating Party's right to seek further protection from the Court.

12. Any party may apply to the Court, for good cause, at any time for an order modifying the terms of this Protective Order.

13. Within thirty (30) days after (1) the entry of a final judgment no longer subject to appeal on the merits of this case or (2) settlement of the claims between the parties, each party herein shall return to the producing party all produced Documents, and copies thereof, that have been designated confidential,

or shall certify that all such Documents and copies have been destroyed, or such other procedure agreed upon by the party's counsel.

14. Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order, and a failure to do so shall not preclude a subsequent challenge to such designation, which may be made at any stage of this proceeding. An untimely designation of Confidential Information by a Designating Party shall not require any other party to take any special action, including, without limitation, recalling the information from third parties. Nor shall the possession of untimely designated Confidential Information by third parties (i.e., parties not enumerated in paragraph 8) constitute a violation of this Protective Order, provided the information was already in the possession of those third parties before it was designated Confidential Information. If any party believes that any Confidential Information has been designated inappropriately by another party or witness as confidential, the party shall, in writing, inform counsel for the party claiming confidentiality. If the party claiming confidentiality does not agree to re-designate the Confidential Information as non-confidential within ten (10) business days, the party challenging the designation may file an appropriate motion before the Court that complies with L.R. 37. This Protective Order shall apply to the disputed Confidential Information until the motion is decided.

15. The inadvertent production of any Confidential Information lacking the physical designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production, including the party's rights under Rule 26(c) of the Federal Rules of Civil Procedure. Upon written demand of the producing party or non-party, all copies of any Confidential Information lacking the physical

designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be returned immediately to the producing party. The producing party then will supply to each of the other parties a copy of the Confidential Information properly designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

16. The inadvertent production of any privileged Document or any Document protected from discovery by the work product doctrine shall be without prejudice to any subsequent claim that such Document is privileged or protected from discovery by the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of the inadvertently produced Document shall be returned to the producing party.

17. Nothing in this Protective Order restricts any party from using or disclosing its own Confidential Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a third party or in the public domain before the date of entry of this Protective Order.

18. In the event any person or party having possession, custody, or control or knowledge of any materials designated under this Protective Order receives a subpoena or other process or order directed to such materials, such person or party shall promptly notify, by overnight mail, counsel for the party who produced the confidential information sought by such subpoena or other process or order; shall furnish that counsel with a copy of the subpoena or other process or order; and shall cooperate reasonably with respect to any procedure sought to be pursued by the producing party whose interests may be affected. The person or party receiving the subpoena or other process or order shall be entitled

1  to comply with it, except to the extent the Designating Party is successful in
2  obtaining from a court of competent jurisdiction an order modifying or quashing
3  it.

4      19.    This Order shall govern the production and disclosure of all
5  Confidential Information produced or disclosed in this case, both before and after
6  the entry of this Order.  The provisions of this Protective Order shall continue to
7  be binding after the conclusion of this litigation, except that any party may seek
8  the written permission of the Designating Party or further order of the Court with
9  respect to dissolution or modification of the Protective Order.

10      20.    This Court shall have continuing jurisdiction to enforce the
11  provisions of this Protective Order.  The parties agree that disclosure or use
12  inconsistent with the terms of this Protective Order of any Confidential
13  Information would give rise to irreparable injury to the disclosing party.

15  IT IS SO ORDERED.

17  DATED:  January 31, 2012

18                      CONSUELO B. MARSHALL
                      UNITED STATES DISTRICT JUDGE

# APPENDIX A

I, _____ state that:

1. My address is _____
_____.

2. I have received a copy of the Protective Order in *ARNETT FACIAL RECONSTRUCTION COURSES, INC. v. PATTERSON DENTAL SUPPLY, INC. et al.*, Case No. 11-CV-06929-CBM (E), before the United States District Court for the Central District of California.

3. I have carefully read and understand the provisions of the Protective Order. My staff and I will comply with all of its provisions, including (a) holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential Information" or "Confidential Information — Attorney's Eyes Only," or any words, substances, summaries, abstracts, or indices of such information, or copies thereof, or knowledge deriving therefrom, which come into my possession and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained, and (b) using the foregoing solely for purposes of this proceeding, and not for any present or future business, competitive, or governmental purpose or function. I agree to return all copies of Confidential Information to the attorney from whom I received it, within ten business days of receipt.

4. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Central District of California and any appellate court involved in this proceeding in respect to any proceeding relating to the enforcement of the Protective Order, including any proceedings relating to contempt of Court.

Date _____   By _____